# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLENA RAZUVAYEVA,<br>    Plaintiff,<br><br>        v.<br><br>NATIONSTAR MORTGAGE, LLC, et al.,<br>    Defendants. | CV 19-2181 DSF (MAAx)<br><br>Order REMANDING Case to State Court (Dkts. 14, 15) |

    This case was removed from state court based on diversity jurisdiction under 28 U.S.C. § 1332.[1] The removing defendants admit that Plaintiff Olena Razuvayeva is not diverse from all defendants, as both Plaintiff and Defendant The Mortgage Law Firm (TMLF), the foreclosure trustee, are citizens of California. Defendants argue that TMLF should be disregarded as a nominal defendant.

    A "federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Kuntz v. Lamar Corp., 385 F.3d 1177, 1183 (9th Cir. 2004) (quoting Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980)). A court should "ignore the citizenship of nominal or

---

[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for May 20, 2019 is removed from the Court's calendar.

formal parties who have no interest in the action and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant." Prudential Real Estate Affiliates, Inc. v. PPR Reality, Inc., 204 F.3d 867, 873 (9th Cir. 2000) (citation and quotation marks omitted). "A named defendant who . . . would be liable to pay a resulting judgment is not 'nominal' in any sense except that it is named in the complaint." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 93 (2005).

A.  TMLF's Declaration of Nonmonetary Status

Plaintiff argues that TMLF is not a nominal defendant solely because TMLF filed a declaration of nonmonetary status (DNMS).

Nonmonetary status under California law requires no showing; the party seeking nonmonetary status merely files a notice that it has a "reasonable belief" that it "has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee." Cal. Civ. Code § 2924*l*(a). Nonmonetary status is automatically awarded if no party objects within 15 days, although it can be revoked by way of motion. Id. § 2924*l*(d), (e). Any timely objection to the notice of nonmonetary status results in the status being automatically denied. See id. § 2924*l*(e).

On March 19, 2019, TMLF filed and served a DNMS. Dkt. 1-2 (Hamilton Decl.), Ex. 3. This case was removed on March 22, 2019. Dkt. 1. Plaintiff filed an objection to the DNMS in the state court action on March 25, 2019. Dkt. 16 (Vitiello Decl.), Ex. 1.

The filing of a DNMS does not automatically mean a party is nominal for the purposes of diversity jurisdiction—particularly where, as here, the 15-day objection period had not run when the case was removed. The Court finds that TMLF's filing of a DNMS is not a sufficient basis to find that TMLF is a nominal defendant.

### B. Plaintiff's Claims against TMLF

District courts in this Circuit have held that a foreclosure trustee is not a nominal defendant where the plaintiff has made substantive allegations and asserted money damages against such defendant. See, e.g., Beutel v. Wells Fargo Bank N.A., No. 18-CV-03686-LHK, 2018 WL 3084660, at *2 (N.D. Cal. June 22, 2018) (collecting cases); Mulleneaux v. Wells Fargo Bank, N.A., No. CV 17-00780 BRO (KKx), 2017 WL 2604249, at *5 (C.D. Cal. June 15, 2017).

Plaintiff alleges causes of action against TMLF for declaratory relief and violation of the Rosenthal Fair Debt Collection Practices Act (FDCPA). See Dkt. 1-2 (Compl.), ¶¶ 40-64. In addition to multiple allegations referring to "defendants," Plaintiff specifically alleges that "Defendants NATIONSTAR and TLMF recorded a Notice of Default ("NOD") against the Subject Property" and that "[t]he NOD contains materially false information." Id. ¶¶ 30, 31. Plaintiff also alleges that TMLF acted as a "debt collector" under the FDCPA. Id. ¶ 55. Plaintiff also seeks money damages against TMLF. Id., Prayer ¶ 10.

The Court finds Plaintiff's allegations against TMLF are substantive, and that Plaintiff seeks to recover money damages against TMLF. Defendants have not met their burden of establishing that TMLF is a nominal defendant. Therefore, the Court lacks diversity jurisdiction over this case.

The case is REMANDED to the Superior Court of California, County of Los Angeles.[2]

IT IS SO ORDERED.

Date: May 14, 2019

*Dale S. Fischer*
Dale S. Fischer
United States District Judge

---

[2] "An order remanding a case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of removal. 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Although unsuccessful, the Court finds that the removal was objectively reasonable. Plaintiff's request for fees and costs is DENIED.